## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

Mary Flor Morón Barrada,
  Plaintiff,

     v.

Department of Education of the Commonwealth of
Puerto Rico,
  Defendant.

Civil No. 02-1933 (HL)

## OPINION AND ORDER

Plaintiff Mary Flor Morón Barrada brings this action against the Department of Education of the Commonwealth of Puerto Rico  pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., alleging national origin discrimination and retaliation.   Pending  before  the  Court  is  defendant's   unopposed[1]   motion  for  summary judgment.[2]  Defendant  moves for summary judgment on the grounds that (1) plaintiff  has failed  to establish prima facie cases of  national origin discrimination and retaliation  under Title VII, and (2)  plaintiff's national origin discrimination claims are barred by the doctrines of res judicata and collateral estopple.

For the reasons set forth below, defendant's motion for summary judgment is hereby **granted**.

---

[1] *See* discussion *infra* pp. 3-5.

[2] *See* docket no. 31.

**STANDARD OF REVIEW**

Under Rule 56(c) of the Federal Rules of Civil Procedure, the Court will grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ.P. 56(c). A genuine issue exists if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial. *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994); *LeBlanc v, Great Am. Ins. Co.,* 6 F.3d 836, 841 (1st Cir. 1993). A fact is material only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). In determining if a material fact is "genuine" the Court does not weigh the facts but, instead, ascertains whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*; *see also Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995).

To aid the Court in the task of identifying genuine issues of material fact in the record, the District for Puerto Rico has adopted Local Rule 56 (formerly Local Rule 311.12). D.P.R. L.Civ.R 56(b)-(c). Local Rule 56(b) requires that a party moving for summary judgment submit, in support of the motion, "a separate, short, and concise statement of material facts as to which the moving party contends there is  no genuine issue to be tried and the basis of such contention as to each  material fact, properly supported by specific reference to the record." *Id.; see also Leary,* 58 F.3d at 751. Further, "[a] party opposing a motion for summary judgment shall submit with its opposition a separate, short and concise statement of material facts. The

opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation . . ." D.P.R. L.Civ.R 56(c). "Where the party opposing summary judgment fails to comply, the rule permits the district court to treat the moving party's statement of facts as uncontested." *Alsina-Ortiz v. Laboy*, 400 F.3d 77, 80 (1st Cir. 2005). The Court will only consider the facts alleged in the parties' Local Rule 56 statements when entertaining the movant's arguments. *Rivera v. Telefonica de Puerto Rico*, 913 F.Supp. 81, 85 (D.P.R. 1995).

Once a party moves for summary judgment, it bears the initial burden. Specifically, "'a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Crawford-El v. Britton*, 523 U.S. 574, 600 n. 22, 118 S.Ct. 1584, 1598 n. 22 (1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986)). Once this threshold is met, the burden shifts to the nonmoving party. The nonmovant may not rest on mere conclusory allegations or wholesale denials. Fed. R. Civ. P. 56(e); *Libertad v. Welch*, 53 F.3d 428, 435 (1st Cir. 1995). Instead, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Furthermore, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986).

If the nonmoving party fails to file a timely opposition to the motion for summary judgment, the district court is entitled to consider the motion as unopposed and take the moving

parties' statement of uncontested facts as true. *De La Vega v. San Juan Star, Inc.,* 377 F.3d 111, 116 (1st Cir. 2004); *Velez v. Awning Windows, Inc.*, 375 F.3d 35, 41-42; *see also Euromodas, Inc. v. Zanella, Ltd.*, 368 F.3d 11, 14-15 (1st Cir. 2004). However, this does not automatically entitle the moving party to summary judgment. *De La Vega,* 377 F.3d at 115. "The district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact." *Id.* (citing *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989)); *see also Stepanischen v. Merchants Despatch Trans. Corp.*, 772 F.2d 922, 929 (1st Cir. 1983). Even if the motion for summary judgment is unopposed, the moving party must meet its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law. *De La Vega*, 377 F.3d at 115-16.

On November 5, 2004, defendant Department of Education filed the present motion for summary judgment.[3] On November 19, 2004, plaintiff Morón requested an extension of time to file an opposition to defendant's motion for summary judgment.[4] The Court granted Morón until December 8, 2004, to file an opposition.[5] This deadline came and passed, and Morón did not submit an opposition or petition the Court for a time extension. On December 30, 2005, the Department of Education filed a motion requesting that the Court deem their motion for summary judgment unopposed.[6] On January 10, 2005, Morón objected to

---

[3] *See* docket no. 31.

[4] *See* docket no. 39.

[5] *See* docket no. 41.

[6] *See* docket no. 43.

4

defendant's motion to deem their summary judgment motion unopposed and requested an extension of time to file an opposition to defendant's summary judgment motion.[7] On January 14, 2005, thirty-seven days after the deadline set by the Court, Morón filed an opposition to the summary judgment motion.[8] For the foregoing reasons, the Court will consider defendant's motion for summary judgment as unopposed and will accept as true all material facts set forth by defendant with appropriate record support. *See De La Vega,* 377 F.3d at 116 (citing *Jaroma v. Massey*, 873 F.2d 17, 21 (1st Cir. 1989); *Mendez v. Banco Popular de P.R.*, 900 F.2d 4, 7-8 (1st Cir. 1990)).[9]

## FACTUAL BACKGROUND

In March of 1999, Mary Flor Morón Barrada received a three month contract with the Department of Education of the Commonwealth of Puerto Rico to fill a position as a marketing teacher at the Juan Suarez Pelegrina Secondary School. Subsequently, a marketing teacher position opened at the school for the following (1999-2000) school year. Morón applied for this position but was not selected for the job. Morón petitioned the Secretary of Education to reconsider the Department of Education's hiring decision, on the grounds that she was the

---

[7] *See* docket no. 45.

[8] *See* docket no. 47.

[9] Plaintiff's counsel states that she did not abide by the Court's deadline because she had been busy working on other cases and occupied with other professional engagements. *See* docket no. 45. However, as the First Circuit has noted, "[t]he fact that an attorney has other fish to fry is not an acceptable reason for disregarding a court order." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 5 (1st Cir. 2002). As such, the Court deems defendant's motion for summary judgment unopposed. The Court notes that even if it were to consider plaintiff's untimely opposition, the augmented record would not create any genuine issue of material fact.

more qualified candidate. The Secretary of Education denied this petition.

On April 12, 2000, Morón filed an EEOC charge against the Department of Education alleging national origin, age, and disability discrimination. In the EEOC charge, Morón stated that she is of Venezuelan national origin and that the marketing teacher position had been given to a younger, less-qualified, Puerto Rican female. Morón later amended her EEOC charge to include allegations of retaliation. On May 25, 2000, Morón filed a complaint before the Public Education System Appeals Board ("JASEP" for its Spanish acronym), appealing the Department of Education's decision to not select her as a marketing teacher for the 1999-2000 school year.

Then, on October 26, 2000, Morón filed a pro se Spanish language motion with this Court requesting an extension of time to file a complaint with the Court.[10] On July 12, 2001, Morón was issued a "right to sue" letter by the EEOC.[11] On August 7, 2001, the Department of Education Certification Division sent Morón a letter stating that it had reviewed her file and listed the additional educational credits and other requirements that she needed to complete in order to receive a marketing teaching license. On November 21, 2001, Morón filed a pro se complaint against the Department of Education with this Court. On June 17, 2002, Judge Salvador Casellas issued an order to close the miscellaneous file pending before the Court and to open a new civil case file to enable Morón to properly serve the defendant.

An administrative hearing was held before JASEP on February 19, 2003, to adjudicate the administrative complaint that Morón had filed almost three years earlier appealing the

---

[10] *See* 00-162 (SEC).

[11] *See* docket no. 14.

Department of Education's decision to not select her as a marketing teacher for the 1999-2000 school year. On April 3, 2003, JASEP issued a resolution denying Morón's appeal and confirming the decision of the Department of Education.  On May 27, 2003, Morón sought judicial review of JASEP's  administrative decision in the Commonwealth of Puerto Rico Appellate Circuit Court. *See Flor v. Departamento de Educacion*, 2004 WL 1801975 (P.R. App. Cir. Ct. 2004).

Approximately a year later, on May 17, 2004,  Morón filed an amended complaint with this Court.  The amended complaint claims that in an effort  to discriminate against Morón, the Department of Education  "(1) failed to grant Plaintiff a position as a marketing teacher and instead gave the position to a less qualified candidate, of a different national origin; (2) failed to issue Plaintiff a marketing teacher license although she fulfilled all of the qualifications required by the [Department of Education], because of her national origin; [and] (3) retaliated against Plaintiff for filing a charge of discrimination against the [Department of Education]."[12]  Shortly thereafter, on May 28, 2004, the Puerto Rico Appellate Circuit Court affirmed JASEP's decision, finding that Morón did not qualify for the marketing teacher position and that the Department of Education correctly selected the candidate who met the minimum requirements for the appointment. *See Flor v. Departamento de Educacion*, 2004 WL 1801975, at *7.  Morón did not appeal the Puerto Rico Appellate Circuit Court's decision.

Defendant Department of Education moves for summary judgment on three grounds. First, defendant argues that Morón's Title VII national origin discrimination claims are barred by the doctrines of res judicata and collateral estopple. Second, defendant argues that Morón has failed to establish a prima facie case of national origin discrimination under Title VII.

---

[12]  *See* docket no. 26 at 4.

Finally, defendant contends that Morón has failed to make a prima facie case of retaliation under Title VII.

## DISCUSSION

### I.

Section 1738 of title 28 of the United States Code "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Arecibo Radio Corp. v. Puerto Rico*, 825 F.2d 589, 591 (1st Cir. 1987); 28 U.S.C. §1738. It is well settled that a state court review of a state administrative agency's decision is entitled to full faith and credit. *See Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1889 (1982). Accordingly, to determine the preclusive effect of a Puerto Rico court judgment, a federal court must look to Puerto Rico Law. *See Muñiz Cortes v. Intermedics, Inc.,* 229 F.3d 12, 14 (1st Cir. 2000) (citing *Cruz v. Melecio*, 204 F.3d 14, 18 (1st Cir. 2000)).

Under Puerto Rico law, res judicata and collateral estopple preclude "claims that were or could have been raised in a previous suit" which possess "'the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such.'" *Boateng v. InterAmerican Univ. Inc.,* 210 F.3d 56, 61-62 (1st Cir. 2000) (quoting 31 L.P.R.A. § 3343)); *see also Muñiz Cortes,* 229 F.3d at 14 (finding that although 31 L.P.R.A. § 3343 only speaks of 'res judicata,' it additionally permits collateral estopple). However, the resemblance between cases need not literally be "perfect." *Boateng,* 210 F.3d at 61. Rather, the "cause" and "thing" must correspond "basically to the object or matter over which the action is exercised." *Id.* (quoting *Lausell Marxuach v. Díaz De Yáñez*, 3 P.R. Offic. Trans. 742, 745 (1975)). The "cause" refers to the main ground, origin of the action, or reason for asking. *Id.*; *Worldwide Food Distributors, Inc. v. Alberic Colón Bermúdez*, 133 D.P.R. 827, 833 (P.R. 1993). Further, preclusive effect is given only to judgments that are final and unappealable. *Boateng,* 210 F.3d at 63. Finally, "[t]he only generally recognized exception to res judicata occurs when the litigant was denied a 'full and fair opportunity to litigate' his claims in the earlier proceeding."

*Arecibo Radio Corp.*, 825 F.2d at 592.

In the present case, defendant argues that further deliberation by this Court on plaintiff Morón's Title VII national discrimination claims is barred by the doctrines of res judicata and/or collateral estopple. As discussed above, under Puerto Rico preclusion principles, further disposition of plaintiff's national origin discrimination claims will be barred only if (1) the commonwealth court judgment was final and unappealable, (2) there is identity between the thing, cause, and litigants, (3) plaintiff had a full and fair opportunity to litigate her claims in the earlier commonwealth proceeding, and (4) plaintiff's claims were or could have been raised in the commonwealth proceedings. *See Boateng*, 210 F.3d at 61-62; 31 L.P.R.A. § 3343; *Arecibo Radio Corp.*, 825 F.2d at 592.

In the commonwealth administrative proceedings before the Public Education System Appeals Board ("JASEP"), Mary Flor Morón Barrada challenged the Department of Education's decision to not select her for the position of marketing teacher at the Juan Suarez Pelegrina Secondary School for the 1999-2000 school year on the grounds that she allegedly was the more qualified applicant. *See Flor v. Departamento de Educacion*, 2004 WL 1801975 (P.R. App. Cir. Ct. 2004). JASEP denied Morón's appeal and affirmed the hiring decision of the Department of Education. Subsequently, the Puerto Rico Appellate Circuit Court affirmed JASEP's decision and concluded that Morón did not qualify for the marketing teacher position and that the Department of Education correctly selected the candidate that met the minimum requirements for the appointment. *Id.*; *see also* docket no. 61, pt. 2 (certified translation). Morón chose not to appeal the Puerto Rico Appellate Circuit Court's decision.

## A. Final and Unappealable Judgment

The first issue before the Court is whether the commonwealth court's judgment was final and unappealable. For preclusive effect to adhere, the judgment must be final and on the merits. *See Stitzer v. U.P.R.,* 617 F.Supp.1246 (D.P.R. 1985). In the present case, final judgment on the merits was entered by both JASEP and the Puerto Rico Appellate Circuit Court. The

Puerto Rico Appellate Circuit Court's decision was not appealed  within the time period affording by law. Thus, the Court finds that the judgment of the Puerto Rico Appellate Circuit Court affirming JASEP's resolution was final and unappealable.

### B. Identity Between the Thing, Cause, and Litigants

The second issue that the Court must consider is whether there is perfect identity between the thing, cause, and litigants. *See* 31 L.P.R.A. § 3343. It is clear that the litigants in both the case at bar and the commonwealth proceedings are identical. The more complex question is whether the "things" and "causes" previously before JASEP and currently before this Court constitute "perfect identity." A "cause" is defined as the main ground, origin of the action, or motive for asking for relief. *See Worldwide Food Distributors, Inc.*, 133 D.P.R. at 833.  Defendant argues that the cause in the commonwealth  proceedings was whether Morón was the more qualified candidate for the marketing teacher position. The Court agrees.

The fact that Morón advances a different legal theory (national origin discrimination) in the case at bar does noes not undermine the identity of causes, because both the claim challenging the defendant's hiring decision before this Court and the claim presented in the commonwealth proceedings arose from the Department of Education's decision not to hire Morón as a marketing teacher. *See Muñiz-Cortes,* 229 F.3d at 15; *Boateng*, 210 F.3d at 62 (holding that there is no right to bring separate and successive suits on different legal theories arising out of a single nucleus of operative facts). Accordingly, the Court finds that there is "perfect" identity between Morón's cause before JASEP and her claim before this Court that the Department of Education discriminated  against  her on the basis of her national origin by failing to grant her a position as a marketing teacher.

However, defendant does not proffer any evidence, or even argue,  that  the cause in the JASEP proceedings included a claim of retaliation or a claim challenging the Department's decision to deny her a teaching license. There is no evidence in the record that the teaching license  denial or the alleged retaliation were the "main grounds," "origin of the action," or

"motive" for the petition or proceedings before JASEP.  *See Boateng,* 210 F.3d at 61; *Lausell Marxuach,* 3 P.R. Offic. Trans. at 745; *Worldwide Food Distributors, Inc.,* 133 D.P.R. at 833. Moreover, the Court cannot  simply assume that the retaliation  and teaching license claims were related to the Department of Education's decision not to hire Morón as a marketing teacher.  Morón was seven months away from completing the educational requirements needed to qualify for a marketing teaching license at the time she applied for the marketing teacher position, and Morón did not file a complaint with the EEOC until several months after the Department of Education had made its hiring decision.[13]  As such, the Court finds that there is not sufficient identity between the "cause" brought in the state proceedings and Morón's claims that the Department of Education (1) failed to issue her a marketing teacher license because of her national origin and (2) retaliated against her for filing a discrimination charge against the Department.

## C. Full and Fair Opportunity to Litigate

As discussed above, res judicata or collateral estopple will not adhere  unless the plaintiff had a full and fair opportunity to litigate her claims in the administrative proceeding. *See Arecibo Radio Corp.*, 825 F.2d at 592. "To meet this standard, state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause." *Baez-Cruz v. Municipality of Comerio*, 140 F.3d 24, 30 (1st Cir. 1998) (citing *Kremer*, 456 U.S. at 481, 102 S.Ct. at 415)).  In the present case, plaintiff does not raise a due process challenge.[14] Further, there is no implication that the JASEP proceedings or the Puerto Rico Appellate Circuit Court's administrative review failed to satisfy due process.

---

[13] *See* docket no. 26 at 2.

[14] *See* docket no. 66 at ¶28.

### D. Claims that Were Raised or Could Have Been Raised

"A claim is precluded not only if it was *actually* raised in a previous suit, but if it *could have been* raised." *See Muñiz-Cortes,* 229 F.3d at 15 (citing *Boateng*, 210 F.3d at 62) (emphasis in original). In the proceedings before JASEP, Morón chose not to put forth allegations that the Department of Education's hiring decision was motivated by national origin discrimination, even though such a claim fell within the purview of JASEP. JASEP has appellate jurisdiction, *inter alia*, "in cases where citizens claim that an action or decision affecting them violates their right to enter the Personnel System of the Department of Education in compliance with the merit principle." and "in cases where teachers or employees claim  that an action or decision of the Secretary of Education violates their rights in areas essential to the merit principle." 18 L.P.R.A. § 2743-1(b)-(c).  The "merit principle" is defined as "the concept that all employees of the education system should be selected, trained, promoted, retained and treated in all that concerns their job, based on their capabilities, without discrimination for race, color, sex, birth, age,  *origin*  or social condition or  political or religious convictions." 18  L.P.R.A § 274p(d) (emphasis added). The fact that, as an administrative agency, JASEP could not afford plaintiff relief under Title VII is inconsequential. "It is well-established that judicially reviewed administrative fact-finding  may later estop a federal claim, even though the state administrative body itself was unable to consider the federal claim as such." *Baez-Cruz*, 140 F.3d at 31. Accordingly,  the Court concludes that Morón's claim  that the Department of Education discriminated against her on the basis of  her national origin  by not selecting her for the position of marketing teacher is barred by res judicata.

This claim is also collaterally estopped.  To establish a prima facie case of national origin discrimination under Title VII, plaintiff must show that: (1) she belonged to a protected class, (2) that she applied and was qualified for the position in question, (3) that she was rejected despite her qualifications, and (4) that the position remained open and the employer continued to seek candidates with similar or lesser qualifications. *See Sinai v. New England Tel. & Tel. Co.,* 3 F.3d 471, 474 (1st Cir. 1993); *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792,

93 S.Ct. 1817 (1973).  The Puerto Rico Appellate Circuit Court's findings that Morón did not qualify for the position and that the Department of Education correctly selected the candidate who met the minimum requirements for the appointment preclude plaintiff from establishing a prima facie case of national origin discrimination.  Thus, JASEP's determination coupled with the Puerto Rico Appellate Circuit Court's administrative review forecloses re-litigation of the Department of Education's decision to not hire Morón as a marketing teacher for the 1999-2000 school year.

In sum, the Court concludes that further disposition by this Court on Morón's claim that the Department of Education discriminated against her on the basis of her national origin by not selecting her for the position of marketing teacher is barred by res judicata and collateral estopple.  However, Morón's claims that the Department of Education (1) failed to issue her a marketing teacher license because of her national origin and (2) retaliated against her for filing a discrimination charge against the Department are not barred by the prior judgments of JASEP or the Puerto Rico Appellate Circuit Court.

## II.

Defendant Department of Education also argues that Morón has failed to establish a prima facie case of national origin discrimination.  In the amended complaint, Morón claims that the Department of Education discriminated against her on the basis of her national origin by failing to issue her a marketing teacher license although she fulfilled all of the qualifications required by the Department. To establish a prima facie case of national origin discrimination under Title VII, plaintiff must show that: (1) she belonged to a protected class, (2) that she applied and was qualified for the license in question, and (3) that she was rejected despite her qualifications. *See generally, McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973).

The record shows that, in a letter dated August 7, 2001, the Department of Education provided Morón with a list of the additional educational credits and other requirements that she needed to complete in order to receive a marketing teaching license. Defendant submits that

Morón has not been awarded a marketing teaching license because she does not meet the requirements needed for such a license. There is no evidence in the record that suggests that Morón has completed the minimum prerequisites necessary for the receipt of a marketing teaching license from the Department of Education. As there is no material issue of fact as to whether Morón has ever been qualified for a marketing teaching license, the Court concludes that Morón has failed to make a prima facie showing of national origin discrimination under Title VII.

Accordingly, the Court enters summary judgment dismissing Morón's claim that the Department of Education discriminated against her on the basis of her national origin by not awarding her a marketing teaching license.

## III.

Defendant's final argument is that Morón has failed to make a prima facie case of retaliation under Title VII. It is unlawful for an employer to retaliate against an employee for initiating an action under Title VII. 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) she engaged in protected conduct, (2) she suffered an adverse employment action, and (3) the adverse action is causally connected to the protected activity. *See Dressler v. Daniel,* 315 F.3d 75, 78 (1st Cir. 2003). In the present case, Morón claims that the Department of Education retaliated against her for filing a discrimination charge against the Department. Morón does not specify what type of adverse action or actions that she endured as the result of retaliation. The amended complaint sets forth two adverse employment actions taken by the Department of Education: the decision not to hire Morón as marketing teacher and the denial of a marketing teaching license. As the hiring decision was made several months before Morón filed a discrimination charge with the EEOC, the Court presumes that the adverse employment action at issue is the Department of Education's denial of Morón's application for a marketing teaching license.

In its motion for summary judgement, defendant argues that Morón's retaliation claim must fail because there is no causality between her protected conduct and the adverse

employment action taken by the Department.   Specifically, defendant submits that the Department of Education denied Morón's marketing teaching license application– not as an act of retaliation or discrimination– but because she did not meet the requirements needed to obtain such a license. As discussed above in Section II, there is no evidence in the record that evinces, or even intimates, that Morón has ever been qualified for a marketing teaching license. Moreover, there is not even any temporal proximity between  Morón's filing of the EEOC complaint on April 12, 2000, and receiving the letter from the Department of Education detailing the additional academic and other requirements she needed to fulfil in order to be eligible for a teaching license on August 7, 2001. *See Calero-Cerezo v. U.S. Dept. of Justice*, 355 F.3d 6, 25 (1st Cir. 2004) ("Three and four month periods have been held insufficient to establish a causal connection based on temporal proximity." *Id.*); *Mesnick v. General Elec. Co.*, 950 F.2d 816, 828 (1st Cir. 1991) (holding that a nine month period between the protected conduct and alleged retaliation undermined the inference of causation).

There is simply no evidence or arguments  presented in the record which suggests that the Department of Education denied Morón a teaching license in an effort to retaliate against her for filing a claim of discrimination.  There being no genuine issue on this matter, summary judgment dismissing this claim is appropriate.

## CONCLUSION

In view of the aforementioned, the Court hereby **grants** Department of Education of the Commonwealth of Puerto Rico's  motion for summary judgment.  Judgment dismissing this case shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 3, 2005.

S/ HECTOR M. LAFFITTE
United States District Judge

15